IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

SCHNITZER PUERTO RICO INC,,

Plaintiff

v.

UNION DE TRABAJADORES DE

MUELLES DE PONCE, et al.,

Defendants.

CASE NO. 14-1659 (GAG)

**OPINION AND ORDER**

Schnitzer Puerto Rico, Inc., ("Plaintiff"), a corporation that processes and exports recycled materials from Puerto Rico, carries out its exporting operations in the Port of Ponce in a lot leased by the Municipality of Ponce. (Docket Nos. 8 & 9-1.) On July 28, 2014, a ship leased by Plaintiff was scheduled to be loaded to transport materials. Id.  However, Plaintiff's operations were interrupted by a group of individuals, mainly stevedores represented by Defendant International Longshoremen's Association, Local 1903 ("Local 1903"), held a strike in Plaintiff's lot at the Port of Ponce. Id.  The protesters physically blocked Plaintiff's access to the ship and entry to the pier, forcing Plaintiff's operations to a halt. Id.

To carry out its July 28 operations, Plaintiff did not sub contract stevedores; instead it decided to use its own employees. (Docket Nos. 1 ¶6(F); 8; 9-1 ¶16.)  None of the protesters were Plaintiff's employees, nor had a contractual relationship with Plaintiff. (Docket No. 9-1 ¶16.) At that time, the protesters argued that Plaintiff had a legal obligation to contract a

**Civil No. 14-1659 (GAG)**

stevedoring agency and had a legal obligation to bargain collectively with them. (Docket No. 9-1 ¶17.)

As a result of the strike, Plaintiff filed suit against Local 1903 before the Puerto Rico Court of First Instance seeking injunctive relief and damages under state law. (See Docket No. 9-1.) The State Court granted a Temporary Restraining Order of Local 1903's picket. (Docket No. 8.) On August 29, 2014, Local 1903 filed a notice of removal before this court, pursuant to 28 U.S.C. § 1446, arguing the matter before State Court is preempted by federal law. (Docket No. 1.) Namely, Local 1903 argues that Plaintiff's complaint masquerades an unfair labor practice claim as established by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, which categorizes as a unfair labor practice when labor organizations picket employers with the object of "forcing or requiring an employer to recognize or bargain with a labor organization as the representative of his employees, . . . ." 29 U.S.C. § 158 (b)(7). (Docket No. 1.) To wit, Local 1903 asserts that the jurisdiction lies in federal court to interpret whether Plaintiff had an obligation to recognize and bargain with the union. If so, they argue, the NLRA preempts the pending litigation before state court. Moreover, they contend that the present case should be dismissed for lack of subject matter jurisdiction because the NLRA invests in the the National Labor Relations Board ("NLRB") exclusive primary jurisdiction over labor disputes.

On the other hand, Plaintiff avers that this case should be remanded to State Court due to the fact that no labor relationship exists between the parties, and Plaintiff's employees do not belong to Local 1903; hence, they were not obligated to bargain collectively. (Docket No. 8.) Absent a labor relationship between the parties, Plaintiff correctly argues that this issue does not fall within the scope of the NLRA. After reviewing the parties' submissions and pertinent law, Plaintiff's Motion for Remand to State Court is hereby **GRANTED**.

**Civil No. 14-1659 (GAG)**

The court finds that preemption is not warranted. As stated in Plaintiff's complaint, Local 1903 picketers were not employed by Plaintiff. (Docket No. 9-1 ¶14.) Moreover, Plaintiff did not sub contract stevedores to carry out their operations, and none of Plaintiff's employees are members of Local 1903. Id. ¶ 17. Thus, Local 1903's protest targeted Plaintiff's decision to use its own employees, arguing they had an obligation under the NLRA to recognize them as a union and bargain collectively. (Docket No. 1.) Plaintiff had no contractual relationship with the protesters or a legal obligation created by the NLRA. Local 1903 cannot argue its acts constitute a "protected activity" because they are not employed by Plaintiff. See NLRA § 151.

Furthermore, even if Local 1903's actions were arguably protected, which they are not, that would still be insufficient grounds for preemption. In Sears, Roebuck & Co. v. San Diego County, 436 U.S. 180, 201-206 (1978), the Supreme Court entertained an issue almost identical to the issue presently before the court. The Court held that it was not Congress' intent to preclude the interference of state law in all union matters when the issue that supposedly should have been filed before the NLRB is different as to the one filed before the local forum. Sears, Roebuck & Co. 436 U.S. at 198. Here, the only action that could have been taken before the NLRB was a claim by Local 1903 for unfair labor practices against Plaintiff, which it is legally precluded from doing absent a labor relationship as required by the NLRA. If that would have been the case, the issues before both forums would have still been of different nature, i.e. Plaintiff's trespass claims would be pending before the State Court, while Local 1903's claim for unfair labor practices by non-employer Plaintiff would rest in the hands of the NLRB.

As there is no labor relation between the parties, Local 1903's actions do not constitute protected activity as established by the NLRA. NLRA § 158. Absent any obligation from Plaintiff to recognize or bargain with Local 1903, the July 28th picket was of trespassory nature,

3

**Civil No. 14-1659 (GAG)**

hence, outside the scope of the NLRA. As such, Plaintiff was not forced to turn to the NLRB because it had no labor relationship with Local 1903. Consequently, the State Court is free to adjudicate Plaintiff's trespass claim, without inferring with the NLRB's primary jurisdiction to enforce unfair labor practices. Id.

Thus, this case is hereby **REMANDED** to State Court where proceedings may resume without further delay. Furthermore, considering this court's lack of subject matter jurisdiction, Plaintiff's request extension of the TRO is **DENIED** without prejudice. Plaintiff may promptly renew its request before the State Court as it is the proper forum with jurisdiction over these matters. Plaintiff shall immediately notify the State Court of this order.

S**O ORDERED.**

In San Juan, Puerto Rico this 20th day of October, 2014.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge